UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEVEN PHELPS, *et al.*,<br>    *Plaintiffs*,<br><br>*vs.*<br><br>PARSONS TECHNICAL SUPPORT, INC.,<br>    *Defendant.* | )<br>)<br>)<br>)    2:09-0327-JMS-WGH<br>)<br>)<br>)<br>) |

## **ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Presently before the Court is Defendant Parsons Technical Support, Inc.'s ("Parsons") Motion for Judgment on the Pleadings. [Dkt. 111.] Parsons asks the Court to grant judgment in its favor on two of Plaintiffs' claims: Count II (miscalculating their regular rate for purposes of overtime pay) and Count VI (failure to contribute matching benefits to 401(k) plan). For the reasons set forth below, the Court grants judgment in Parsons' favor on these claims.

### BACKGROUND

During the relevant period, Parsons was responsible for neutralizing chemical weapon stockpiles for the United States Army at the Newport Chemical Agent Disposal Facility ("NECDF") in Newport, Indiana, and Plaintiffs were hourly-paid employees of Parsons. Plaintiffs filed an Amended Complaint against Parsons in April 2010, alleging, among other things, that Parsons miscalculated Plaintiffs' overtime wages in violation of the Fair Labor Standards Act ("FLSA") and failed to contribute benefits to Plaintiffs' 401(k) plans in violation of the Employee Retirement Income Security Act ("ERISA"). [Dkt. 58.]

## DISCUSSION

### I. Standard of Review

A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Therefore, judgment on the pleadings (like a motion to dismiss) is warranted when the well-pled facts of a complaint fail to show that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court accepts all well-pled facts in the complaint as true, construes them in the light most favorable to the non-moving party, and draws all possible inferences in favor of the non-moving party. *Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 360 (7th Cir. 2010).

### II. Claim for Miscalculating Overtime Wages (Count II)

The parties agree that Parsons, as a government contractor, was required to pay fringe benefits to its employees pursuant to the McNamara O'Hara Service Contract Act ("SCA"). 41 U.S.C. § 351. The parties also agree that Parsons could discharge this obligation "by furnishing any equivalent combinations of fringe benefits or by making equivalent or differential payments in cash." *Id.* Parsons exercised this option and paid the Plaintiffs cash in lieu of fringe benefits, which the parties agree discharged Parsons' obligation under 41 U.S.C. § 351. The amount of those payments in lieu of benefits was not, however, included in Plaintiffs' regular rate for purposes of calculating overtime, and the parties disagree whether that amount was properly excluded from the regular rate. Plaintiffs argue that the cash in lieu of benefits payments should have been included in the regular rate; Parsons argues that those payments were properly excluded from the regular rate.

The SCA provides that to determine overtime pay, "the regular or basic hourly rate of pay of such an employee shall not include any fringe benefit payments computed hereunder *which*

*are excluded* from the regular rate under the [29 U.S.C. § 207(e)[1] of the FLSA]." 41 U.S.C. § 355 (emphasis added). The parties dispute whether cash paid in lieu of benefits is addressed by this section of the SCA. Plaintiffs contend that it is addressed because "the plain language of the SCA simply incorporates the FLSA approach to cash-in-lieu-of-benefits." [Dkt. 120 at 4.] Parsons argues that the SCA is silent or at least ambiguous about whether cash payments that are not excluded from the regular rate under the 29 U.S.C. § 207(e) of the FLSA can still be excluded from the regular rate under the SCA. [Dkt. 124 at 5.]

*Chevron* deference guides the Court's analysis. *Citizens Against Ruining the Env't v. EPA*, 535 F.3d 670, 674-75 (7th Cir. 2008) (referencing *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984)). First the Court must determine whether Congress has spoken directly to the issue—*i.e.*, whether the statute in question is unambiguous. *Citizens*, 535 F.3d at 674-75. If Congress' intent is clear from the statutory language, the Court must give effect to it. *Id.* at 675. If the statute is silent or ambiguous, however, the Court will defer to an agency's interpretation unless it is arbitrary and capricious. *Id.*

After reviewing 41 U.S.C. § 351, the surrounding statutory framework, and the parties' arguments, the Court concludes that Congress' intent is not clear, and the statute in question is silent or ambiguous regarding the issue presented in this case. Although 41 U.S.C. § 351 of the SCA addresses benefit payments included in 29 U.S.C. § 207(e) of the FLSA, it does not address whether employers covered by the SCA can properly exclude payments made in lieu of benefits that are not excludable under the FLSA. Consequently, the Court will turn to evidence of the agency's interpretation of the statute.

---

[1] The statute actually references § 207(d), but the Department of Labor regulations make it clear that the proper citation is to § 207(e). *See* 29 C.F.R. § 778.7 (citing 41 U.S.C. § 351 and changing the citation from § 207(d), which has been repealed, to § 207(e) "to conform with the relettering enacted by the Fair Labor Standards Amendments of 1966").

Parsons directs the Court's attention to regulations promulgated by the Department of Labor ("DOL"). Specifically, 29 C.F.R. § 4.180 quotes the SCA regulation in dispute (41 U.S.C. § 355) and provides that "[t]he effect of [the SCA] in situations where equivalent fringe benefits or cash payments are provided in lieu of the specified fringe benefits is stated in § 4.177(e) . . . ." The referenced regulation provides:

> If [the employer] furnishes equivalent benefits or makes cash payments, or both, to such an employee as authorized herein, the amounts thereof, which discharge the employer's obligation to furnish such specified fringe benefits, *may be excluded pursuant to this Act from the employee's regular or basic rate of pay in computing any overtime pay* . . . .[2]

29 C.F.R. § 4.177(e) (emphasis added). Additionally, the DOL promulgated 29 C.F.R. § 778.7, which also quotes the SCA regulation in dispute (41 U.S.C. § 355) and provides the DOL's interpretation that

> This means that such equivalent fringe benefits or cash payments which are authorized under the McNamara-O'Hara Act to be provided in lieu of the fringe benefits specified in determinations issued under such Act *are excludable from the regular rate in applying the overtime provisions* of the Fair Labor Standards Act if the fringe benefits specified under the McNamara-O'Hara Act would be so excludable if actually furnished.[3] This is true regardless of whether the equivalent benefits or payments themselves meet the requirements of section [29 U.S.C. § 207(e)] of the Fair Labor Standards Act.

29 CFR § 778.7 (emphasis added).

Plaintiffs acknowledge that the DOL regulations assert "that cash paid in lieu of SCA-mandated benefits are excluded from the regular rate." [Dkt. 120 at 2.] Plaintiffs ask the Court to ignore the DOL regulations, however, because they contend that the regulations are "contrary

---

[2] The regulation also provides that the exclusion cannot reduce an employee's regular rate of pay below the minimum wage rates specified by the SCA or an employment contract. 29 C.F.R. § 4.177(e). Plaintiffs have not argued that Parsons' exclusion of the cash payments in lieu of benefits from the regular rate overtime invoked this portion of the provision.

[3] Plaintiffs do not contend that the benefits would not be excludable if furnished as actual benefits instead of cash in lieu of benefits.

- 4 -

to the plain language of the [SCA and FLSA] statutes[,]" and "improperly ask this Court to engraft an additional exclusion in [29 U.S.C. § 207(e)] of the FLSA statute not specifically enumerated by Congress." [Dkt. 120 at 2, 7.] The Court has already concluded that 41 U.S.C. § 355 is silent or ambiguous regarding the issue presented, and Plaintiffs do not argue that the DOL's interpretation is arbitrary and capricious. Therefore, under the circumstances of this case and in light of the cited portions of the DOL regulations, the Court concludes as a matter of law that Parsons' cash payments made in lieu of fringe benefits pursuant to the SCA were excludable from the Plaintiffs' regular rate for purposes of calculating overtime. For these reasons, the Court grants Parsons' Motion for Judgment on the Pleadings regarding Count II of Plaintiffs' Amended Complaint.[4]

### III. Claim for Failure to Contribute Benefits in Violation of ERISA (Count VI)

The parties agree that Parsons maintained a 401(k) plan for eligible employees and that the plan provided for matching contributions. [Dkts. 58 at 21-22; 111-1 at 34; 112 at 21.] The parties dispute, however, whether Plaintiffs had a right to matching contributions under the plan. Plaintiffs allege that Parsons had a policy requiring employees to work additional time without being paid, "with the result of minimizing and unfairly reducing its contributions to the plan and preventing Plaintiffs from attaining additional rightful and due benefits in violation of § 510 of ERISA." [Dkt. 58 at ¶ 135.]

Section 510 of ERISA, codified as 29 U.S.C. § 1140, prohibits an employer from discriminating against an employee "for the purpose of interfering with the attainment of any right to which such participant might be entitled under the plan." *Adams v. Ameritech Servs., Inc.*, 231

---

[4] Because the Court grants Parsons' motion as a matter of law based on the DOL regulations, it need not address Plaintiffs' argument challenging Parsons' fact-sensitive "good faith defense" as a proper basis for judgment on the pleadings. [Dkt. 120 at 10-11.]

F.3d 414, 430 (7th Cir. 2000). An ERISA plan is a contract, and federal principles of contract construction apply. *Bland v. Fiatallis N. Am., Inc.*, 401 F.3d 779, 783-84 (7th Cir. 2005). The Court will give contract terms their "ordinary and popular sense" and will not resort to extrinsic evidence when faced with unambiguous language. *UAW v. Rockford Powertrain, Inc.*, 350 F.3d 698, 702-03 (7th Cir. 2003). Contract language is unambiguous if it is only susceptible to one reasonable interpretation. *Bland*, 401 F.3d at 784.

In relevant part, the plan provides:

> **5.3.1** In the sole discretion of the Company, as of the last day of a Plan Year, each Participating Company shall contribute to the Plan for each Active Participant who is an Eligible Employee . . . a Matching Contribution which shall be equal to a matching percentage, as the Company may deem advisable, of the Participant's Deferred Compensation Contributions for the Plan Year . . . .

[Dkt. 111-1 at 34.][5]

Parsons argues that the plan's unambiguous language confirms that Plaintiffs did not have a right to matching contributions and, therefore, even if Parsons underpaid Plaintiffs, "they are not entitled to receive matching contributions from the plan." [Dkt. 112 at 21-22.] Plaintiffs disagree with Parsons and argue that they had a right to matching contributions because the plan contemplates them. Plaintiffs cite language from the plan giving employees the option to make

---

[5] Parsons attached a copy of the plan as an exhibit to its Motion for Judgment on the Pleadings. [Dkt. 111-1.] Plaintiffs do not dispute the exhibit even though it was not attached to the Amended Complaint because, as Plaintiffs point out, it was referenced in their Amended Complaint and is central to some of their claims. [Dkt. 120 at 12]; *see also Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (affirming district court's decision to rely on documents to which the Complaint referred, were concededly authentic, and were central to the plaintiffs' claim in a motion to dismiss despite non-moving party's objection).

deferred compensation contributions, the definition of "Matching Contributions[,]"[6] and the language quoted above to support their argument. [Dkt. 120 at 13.]

The unambiguous language in section 5.3.1 provides that matching contributions are "[i]n the sole discretion of the Company." [Dkt. 111-1 at 34.] Logically, an employee cannot have a "right" to something that is in the sole discretion of his employer, and Plaintiffs do not argue how the plan language conveying sole discretion to Parsons could be ambiguous. Therefore, the Court concludes that, pursuant to the unambiguous language of the plan, Plaintiffs did not have a right to matching contributions and, therefore, even if Parsons did underpay Plaintiffs, their ERISA claim fails because Parsons did not interfere with a right.

Moreover, to prove a violation of section 510, "plaintiffs must establish more than a loss of benefits; they must establish that their employers terminated them with the specific intent of preventing or retaliating for the use of benefits." *Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 295 (7th Cir. 1998) (collecting cases). Even on their best day, Plaintiffs' allegations only establish a loss of *potential* benefits, which is insufficient to sustain a claim of this nature. And Plaintiffs do not allege that Parsons interfered with the specific intent to prevent or retaliate for the use of benefits. Plaintiffs' allegations are insufficient to establish a violation of ERISA § 510, and Parsons is entitled to judgment on the pleadings on Count VI of the Amended Complaint.

## CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Parsons' Motion for Judgment on the Pleadings, [dkt. 111], and **DISMISSES** Counts II and VI of Plaintiffs' Amended Complaint **with prejudice**.

---

[6] The plan provides: "Matching Contributions" shall mean Participating Company contributions that are made on account of Participant Deferred Compensation Contributions, as provided in Section 5.3. [Dkt. 111-1 at 19.]

DATED: 10/29/2010

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Jesse S. Brar
LAW OFFICE OF JESSE BRAR
jesse.brar@gmail.com

Mick G. Harrison
mickharrisonesq@earthlink.net

Eric R. Magnus
JACKSON LEWIS, LLP
magnuse@jacksonlewis.com

Stephen X. Munger
JACKSON LEWIS LLP
mungers@jacksonlewis.com

L. Dale Owens
JACKSON LEWIS, LLP
owensd@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS LLP
padgettm@jacksonlewis.com

Sharon L. Preston
ATTORNEY AT LAW
sharon.preston@yahoo.com

Rudolph William Savich
rsavich@aol.com